IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-31-BR
NO. 5:14-CV-91-BR

TERRENCE MAURICE MCNEILL,  )
    Petitioner,  )
      )
v.  )    O R D E R
      )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

In 2011, petitioner pled guilty to one count of distributing 50 grams or more of cocaine base (crack) on 21 May 2010 in violation of 21 U.S.C. § 841(a)(1). In 2012, the court sentenced petitioner to 115 months imprisonment. Petitioner appealed. The Fourth Circuit Court of Appeals vacated that sentence and remanded to this court for resentencing. (DE # 56.) On remand, the court sentenced petitioner to 60 months imprisonment. Petitioner again appealed. In July 2013, the Court of Appeals affirmed petitioner's 60-month sentence. (DE # 97.) Petitioner timely filed the instant motion on 18 February 2014. (DE # 101.)

Petitioner's two claims center on his assertion that he should have been convicted of, and his sentence should have been based on, distribution of the *actual* amount of crack involved. (Id. at 4-5.)[1] According to petitioner, a Drug Enforcement Administration laboratory report reflects that the actual amount of crack is 20.4 grams. (Id. at 4.) As noted earlier, petitioner pled guilty

---

[1] Page citations are to the numbers generated by cm/ecf.

to distributing more than 50 grams. Based on petitioner's 21 May 2010 sale of 54.7 grams of crack to a confidential informant and an undercover agent, the presentence report ("PSR") found petitioner accountable for that quantity.[2] (PSR, DE # 36, ¶¶ 6, 8, 42.) At sentencing on remand, petitioner's counsel objected to the PSR on the very ground petitioner now raises. (11/5/12 Tr., DE # 91, at 4-5.) The court overruled that objection. (<u>Id.</u> at 5-6.) On appeal, the Court of Appeals found that this court did not err in that determination. (DE # 97, at 3.)

Petitioner's habeas corpus claims fail because their substance was considered and rejected on appeal. <u>See</u> <u>United States v. Roane</u>, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues [in a § 2255 proceeding]."); <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a § 2255 petitioner cannot "recast, under the guise of collateral attack, questions fully considered by th[e appellate] court"). For this reason, the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 21 February 2014.

                                                             W. Earl Britt
                                                             Senior U.S. District Judge

---

[2] Apparently, 54.7 grams is the gross weight of the mixture containing crack and other substances, such as cutting agents.